IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHAEL L. SEABROOKE,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF THE TREASURY–<br>INTERNAL REVENUE SERVICE, and S.C.<br>DEPARTMENT OF SOCIAL SERVICES,<br><br>      Defendants. | CIVIL ACTION NO.: 2:23-cv-42 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action contesting the seizure of his economic relief benefit and asking the Court to order the Internal Revenue Service to refund previously seized payments. Doc. 1 at 2. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **DENY as moot** Plaintiff's Motion for Summons Form. Doc. 8.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), brings claims alleging government agencies withheld and misdirected his Economic

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Impact Payments totaling $3,200, in violation of his Fifth Amendment and Fourteenth Amendment Due Process rights.  Doc. 1.  Plaintiff received a letter from the South Carolina Department of Social Services stating his Economic Impact Payments would be applied to his child support debt.  Id.  Plaintiff alleges the Internal Revenue Service violated his rights by preventing him from receiving his Economic Impact Payments.  Id.  Plaintiff never gave authorization for his payments to be redirected to the South Carolina Department of Social Services.  Id.  Plaintiff is challenging the seizure of his Economic Impact Payments and requesting a refund.  Id. at 2.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Economic Impact Payment Refund Claims**

Plaintiff fails to state any claim upon which relief may be granted by a federal court.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), provides for the disbursement of "Economic Impact Payments" of $1,200 or more to taxpayers.  See 26 U.S.C. § 6428.  The Consolidated Appropriations Act ("CAA"), Pub. L. No. 116-260, 134 Stat. 1182 (2020), authorized a payment of $600.  26 U.S.C. § 6428A(a).  The American Rescue Plan Act ("ARPA"), Pub. L. No. 117-2, 135 Stat. 4 (2021), authorized a $1,400 payment.  26 U.S.C. § 6428B(b).  Based on Plaintiff's allegations, Plaintiff's Economic Impact Payments were offset because he owes delinquent child support.

Plaintiff attached several tax documents to his Complaint.  Doc. 1 at 4–9.  From these documents, it appears Plaintiff filed his 2020 income tax return on February 14, 2022.  Id. at 5.  It is unclear when Plaintiff filed his 2021 income tax return, but he received a notice regarding an adjustment to his refund on December 5, 2022.  Id. at 6.  For the 2020 tax period, Plaintiff was issued a refund of $1,800, and this was applied to "non-IRS debt".  Id. at 5.  This corresponds to the Economic Impact Payments of $1,200 and $600 under the CARES Act and the CAA.  In the 2021 tax period, Plaintiff was issued a tax refund of $1,400 as a Recovery Rebate Credit, which was subsequently applied to Plaintiff's child support debt.  Id. at 6–7.  This corresponds to the $1,400 Economic Impact Payment through ARPA.

Plaintiff received the Economic Impact Payments as Recovery Rebate Credits on his taxes, which are subject to government debt offsets. The Debt Collection Improvement Act gives the Treasury Department the authority to collect non-tax debts, such as child support, by withholding funds that are paid out by other federal agencies. 31 U.S.C. §§ 3701, 3716(a); 31 C.F.R. § 285.5. The practice of withholding federal payments in satisfaction of a debt is known as an administrative offset. 31 U.S.C. § 3716. According to the Regulations, all federal payments are eligible for offset unless those payments are explicitly exempted from offset by law. 31 C.F.R. § 285.5(e). The Department of the Treasury administers centralized offset through the Treasury Offset Program. 31 C.F.R. § 285.5(a).

Plaintiff claimed a Recovery Rebate Credit on his 2020 and 2021 federal tax returns to receive the Economic Impact Payments. Doc. 1 at 4–9. Plaintiff's tax returns were subject to administrative offsets through the Treasury Offset Program. As a part of his tax returns, the Recovery Rebate Credits were subject to offsets. See https://www.irs.gov/pub/taxpros/fs-2022-26.pdf (last visited May 6, 2024) ("[T]he 2020 Recovery Rebate Credit can be reduced to pay debts owed to other federal government agencies (separate from federal income tax debt) as well as to state agencies."); https://www.irs.gov/pub/taxpros/fs-2022-27.pdf (last visited May 6, 2024) ("[T]he 2021 Recovery Rebate Credit can be reduced to pay debts owed to other Federal government agencies (separate from federal income tax debt) as well as to state agencies."). Based on this information, Plaintiff has not presented any facts to show he is entitled to this relief.

Generally, it is well-established the United States "is immune from suit unless it consents to be sued." United States v. Dalm, 494 U.S. 596, 608 (1990). "The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds[]" under 26

U.S.C. § 7422(f)(1).  Mut. Assur., Inc. v. United States, 56 F.3d 1353, 1355 (11th Cir. 1995). The United States, however, has only consented for this waiver to apply where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  Before filing suit for a refund, a taxpayer must first file an administrative claim with the IRS.  See Richardson v. IRS, No. 23-CV-21292, 2023 WL 4303804 (S.D. Fla. June 16, 2023).  Here, there is no indication Plaintiff filed an administrative claim with the IRS. As a result, Plaintiff has not exhausted all administrative remedies.

In sum, Plaintiff fails to state a claim upon which relief may be granted, and, even if he did, there is no indication Plaintiff has exhausted all administrative remedies.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and failure to exhaust available administrative remedies.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous

5

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Also, I **DENY as moot** Plaintiff's Motion for Summons Form.  Doc. 8.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA